# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMPOWER OVERSIGHT WHISTLEBLOWERS & RESEARCH, 11166 Fairfax Blvd., Suite 500 #1076 Fairfax, VA 22030<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. SECURITIES AND EXCHANGE COMMISSION, 100 F St., NE Washington, DC 20549<br><br>*Defendant.* | Civil Action No.: 24-754 |

## COMPLAINT

1. Plaintiff Empower Oversight Whistleblowers & Research (hereinafter, "Empower Oversight") brings this action against Defendant U.S. Securities and Exchange Commission ("SEC") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. The records Empower Oversight seeks concern conflicts of interest involving former high-level officials at the SEC relating to cryptocurrencies. In particular, the requested records will shine light on what steps, if any, the SEC took to ensure that its officials were free of any such conflicts.

3. To date, Empower Oversight has uncovered various records showing that several former-SEC officials held financial interests that call into question the

integrity of their actions at the SEC. The question now is whether the SEC took sufficient steps to investigate those actions.

4. For instance, William Hinman worked as the Director of the Division of Corporate Finance at the SEC from May 2017 through December 2020. Before then, Mr. Hinman was a partner at the law firm Simpson Thacher, which continued to pay him millions of dollars while he was employed at the SEC.

5. At that same time, while Mr. Hinman was employed at the SEC, Simpson Thacher was a member of the Enterprise Ethereum Alliance ("Ethereum"), which is an organization dedicated to driving the use of Enterprise Ethereum. And, in July 2018, Mr. Hinman gave a speech, as an SEC official, in support of the Ethereum cryptocurrency, Ether.

6. When Mr. Hinman departed the SEC in December 2020, he returned to Simpson Thacher as a partner. That same month, the SEC filed a lawsuit against Ripple Labs, Inc., which is one of Ethereum's rivals.

7. Additionally, Marc Berger, the SEC official responsible for overseeing the SEC's Enforcement Division that brought the lawsuit against Ripple, subsequently left the SEC and joined Mr. Hinman at Simpson Thacher.

8. Through an earlier FOIA request, Empower Oversight obtained records showing that the SEC's ethics office had cautioned Mr. Hinman about his continued financial interest in Simpson Thacher. The ethics office further informed Mr. Hinman that he had to recuse himself from any matters that directly affected the firm. *See* Ex. EO1-12.

9. Although the records produced to Empower Oversight show that the ethics office provided Mr. Hinman with instructions on how to implement this guidance, *see* Ex. EO1-10–13, Mr. Hinman ignored that guidance and continued to involve himself in SEC matters than benefited Simpson Thacher.

10. Further demonstrating the conflicts of interest held by senior SEC officials at the time, Chairman Jay Clayton also made public statements favoring Bitcoin, and the SEC's lawsuit against Ripple was filed shortly before Mr. Clayton's departure from the SEC. Upon his departure, Mr. Clayton joined a cryptocurrency hedge fund that focuses exclusively on Bitcoin and Ether, but not Ripple's cryptocurrency. *See* Ex. EO1-8.

11. After uncovering this information, Empower Oversight referred this evidence of possible ethics violations to the SEC's Office of Inspector General ("OIG"). *See* Ex. EO1-1, EO1-6–44.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Additionally, it may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq*.

13. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

14. Plaintiff Empower Oversight is a nonprofit, nonpartisan educational organization dedicated to enhancing independent oversight of government and

corporate wrongdoing. Empower Oversight works to help insiders safely and legally report waste, fraud, abuse, corruption, and misconduct to the proper authorities, as well as work to hold authorities accountable to act on such reports. Empower Oversight has its principal place of business located in Fairfax, Virginia, and it submitted the FOIA Requests described herein to the SEC.

15. The SEC is an agency of the federal government within the meaning of 5 U.S.C. § 552(f), and it has possession and control of the records Empower Oversight seeks.

## BACKGROUND

16. To better understand what steps SEC's OIG took on these matters, Empower Oversight submitted a FOIA request to the SEC on May 15, 2023. *See* Ex. EO1-1–5.

17. In that request, Empower Oversight sought the following records:

  (1) All documents or communications exchanged between SEC officials referencing Empower Oversight's May 9, 2022 referral to the SEC OIG.

  (2) All documents or communications between any SEC representative and any individual or entity outside of the SEC referencing Empower Oversight's May 9, 2022 referral to the SEC OIG.

  (3) All documents or communications exchanged between SEC FOIA officials and SEC officials that reference any of the following matters: (a) *Empower Oversight v. SEC*, No. 1:23-cv-0095 (E.D. Va.), and the FOIA requests associated with that litigation; (b) *Empower Oversight v. SEC*, No. 23-cv-1335 (D.D.C.), and the FOIA requests associated with that litigation; and (c) *SEC v. Ripple Labs, Inc.*, No. 1:20-cv-10832 (S.D.N.Y.). For the purposes of this request, Empower Oversight does not request communications between SEC attorneys and DOJ attorneys that are protected by the

4

attorney-client privilege or work product doctrine. Empower Oversight also does not request copies of any draft filings from the cited cases.

(4) All documents or communications exchanged between any SEC official and any individual or entity outside of the federal government that reference any of the following matters: (a) *Empower Oversight v. SEC*, No. 1:23-cv-0095 (E.D. Va.), and the FOIA requests associated with that litigation; (b) *Empower Oversight v. SEC*, No. 23-cv-1335 (D.D.C.), and the FOIA requests associated with that litigation; and (c) *SEC v. Ripple Labs, Inc.*, No. 1:20-cv-10832 (S.D.N.Y.).

(5) All communications exchanged between SEC officials referencing William Hinman, Marc Berger, or Jay Clayton and any potential conflict of interest related to their association with Simpson Thacher, Bitcoin, the Enterprise Ethereum Alliance, Ether, Ripple, One River Asset Management, or XRP.

(6) All documents or communications between any SEC representative and any individual or entity outside of the SEC referencing William Hinman, Marc Berger, or Jay Clayton and any potential conflict of interest related to their association with Simpson Thacher, Bitcoin, the Enterprise Ethereum Alliance, Ether, Ripple, One River Asset Management, or XRP.

*See* Ex. EO1-2–3.

18. On May 18, 2023, the SEC acknowledged receipt of Empower Oversight's FOIA request, assigning it several separate tracking numbers: 23-02215-FOIA; 23-2216-FOIA; and 23-02218-FOIA through 23-02221-FOIA.[1] *See* Ex. EO2.

19. In that response, the SEC also stated that it was "unable to respond to your request within [FOIA's] twenty day statutory time period, as there are unusual

---

[1] The SEC had previously sent an acknowledgment on May 16, 2023, but the May 18, 2023 acknowledgement amended the tracking numbers.

5

circumstances which impact on our ability to quickly process your request." *See* Ex. EO2-2. Rather, the SEC "invok[ed] the 10 day extension." *Id.*

20. Yet the SEC did not communicate further with Empower Oversight for months. Rather, on August 3, 2023, the SEC sent a letter to Empower Oversight stating that the FOIA request was "vague, overly broad and could also be considered [an] improper FOIA request[] if not modified or clarified in various respects." Ex. EO3-2. The SEC then requested various clarifications for portions of the FOIA request. *See* Ex. EO3-2–4.

21. On September 14, 2023, Empower Oversight responded to each of the SEC's questions about the FOIA request. *See* Ex. EO4.

22. After hearing nothing from the SEC for several months, on December 18, 2023, the SEC responded to Empower Oversight's September 14 email with additional requests for clarification. *See* Ex. EO5-12–14.

23. On December 20, 2023, Empower Oversight responded to the SEC's questions. *See* Ex. EO5-11–13. In that correspondence, Empower Oversight also explained that it was prepared to proceed with litigation unless the SEC provided a final response by January 31, 2024. Ex. EO5-11.

24. On December 21, 2023, the SEC responded that it did "not anticipate [being] able to issue final responses by January 31, 2024." Ex. EO5-10. Rather, the SEC offered only to provide a status update by January 8, 2024. *Id.*

25. In that January 8, 2024 status update, the SEC explained that it was largely at the early stages of processing Empower Oversight's request. Ex. EO5-8–9.

For instance, the SEC was still identifying relevant custodians for portions of the request.  Ex. EO5-8.  And searches had largely not even been started.  *Id*.  Additionally, the SEC requested further clarifications and narrowing from Empower Oversight.  *Id.*

26. On January 10, 2024, Empower Oversight responded to the SEC's questions, agreeing to certain narrowing proposals and answering other questions.  Ex. EO5-7–8.  Additionally, to ensure that the SEC's process began moving forward, Empower Oversight proposed a schedule whereby the SEC would provide periodic status reports to Empower Oversight about its processing of the request.  Ex. EO5-7.

27. On January 18, 2024, the SEC responded with yet another round of questions and clarifications about the status of processing.  Ex. EO5-5–6.  Additionally, the SEC stated that it had not yet completed conducting searches, and it refused the schedule of updates that Empower Oversight had proposed.  Ex. EO5-6.

28. On January 22, 2024, Empower Oversight responded to the SEC's questions and reiterated its request for that the parties agree to a schedule where the SEC would provide frequent updates on the status of processing.  Ex. EO5-4.

29. On January 24, 2024, the SEC responded to Empower Oversight's email with additional requests for clarification, and the SEC also reiterated its refusal to agree to the schedule Empower Oversight proposed for periodic updates.  Ex. EO5-3–4.

30. On January 25, 2024, Empower Oversight responded to the SEC by agreeing to the SEC's proposal for less frequent status updates. Ex. EO5-3. But Empower Oversight also requested that the SEC begin processing records at a rate of approximately 500 pages per month. *Id.*

31. On January 31, 2024, the SEC responded by explaining that some searches were ongoing, and others had not even begun because the SEC was still attempting to identify custodians. Ex. EO5-2. Accordingly, the SEC rejected Empower Oversight's request that the SEC begin processing records. *Id.* Additionally, in that same response, the SEC acknowledged that the SEC's Office of Inspector General had "open[ed] [an] investigation into the matter and that they are in the final stages of completing" the investigation. *Id.*

32. As further correspondence, on February 29, 2024, the SEC sent Empower Oversight a letter stating that summarizing the parties' discussions to date and stating that the SEC would not "begin to process" the request for at least "thirty-six months"—by February 2027. *See* Ex. EO6-5. Additionally, that same day, for several parts of the request, the SEC confirmed that it still had not begun conducting searches. *See* Ex. EO5-1.

33. Accordingly, despite Empower Oversight spending months discussing the request with the SEC, it has become clear that Empower Oversight must resort to litigation to demand the SEC's compliance with its statutory obligations under FOIA.

34. By failing to respond to this request, the SEC is depriving Empower Oversight and the public of vital information needed to assess whether the SEC's recent actions regarding the cryptocurrency market were affected by conflicts of interest.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552

35. Plaintiff repeats the foregoing paragraphs as if set forth fully herein.

36. The SEC is an agency of the federal government within the meaning of 5 U.S.C. § 552(f).

37. By letter dated May 15, 2023, Empower Oversight submitted a FOIA request to the SEC.  Ex. EO1.

38. That request reasonably described all requested records and complied with all applicable statutes and regulations.

39. The SEC has failed to respond to that request by conducting a search reasonably calculated to locate responsive records, as FOIA requires.  *See Weisberg v. U.S. Dep't of Just.*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).

40. And the requested records are not exempt from FOIA pursuant to 5 U.S.C. § 552(b).

41. The SEC has also failed to respond to Empower Oversight's request within the statutory time period.  *See* 5 U.S.C. § 552(a)(6).

42. Accordingly, Empower Oversight has exhausted its administrative remedies.  *See* 5 U.S.C. § 552(a)(6)(C).

43. By failing to release all responsive, non-exempt records, the SEC has violated FOIA. *See* 5 U.S.C. § 552(a)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, Empower Oversight respectfully requests that this Court:

i. Declare that the records sought by the request, as described in the foregoing paragraphs, must be disclosed pursuant to 5 U.S.C. § 552.

ii. Order the SEC to conduct legally sufficient searches immediately for all records responsive to Empower Oversight's FOIA request and demonstrate that the search methods were reasonably likely to lead to the discovery of responsive records.

iii. Order the SEC to produce by a date certain all non-exempt records responsive to Empower Oversight's FOIA request.

iv. Award Empower Oversight attorneys' fees and costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E).

v. Grant Empower Oversight such other and further relief as this Court deems proper.

March 15, 2024                                  Respectfully submitted,

*/s/ Brian J. Field*
BRIAN J. FIELD
D.C. Bar No. 985577
SCHAERR | JAFFE LLP
1717 K Street NW
Suite 900
Washington, DC 20006
Tel.: (202) 787-1060
Email: bfield@schaerr-jaffe.com

*Counsel for Plaintiff*