# EXHIBIT EO5

**Brian Field**

|  |  |
|---|---|
| **From:** | Michael Zummer <mzummer@empowr.us> |
| **Sent:** | Monday, March 4, 2024 4:03 PM |
| **To:** | Dykstra, Samuel |
| **Cc:** | Katilius, Lizzette; Tristan Leavitt; Jason Foster; Brian Field |
| **Subject:** | Re: 23-00013-OIG, 23-00014-OIG & 23-02218-FOIA through 23-02221-FOIA Response - 23-02218-FOIA |

Thank you for your response, Mr. Dykstra.

Empower Oversight is still interested in obtaining all of the requested records, as we agreed upon. Please do not close the request.

Thank you,

Mike Zummer

---

**From:** Dykstra, Samuel <DykstraS@sec.gov>
**Sent:** Thursday, February 29, 2024 5:25 PM
**To:** Mike Zummer <mzummer@empowr.us>
**Cc:** Katilius, Lizzette <KatiliusL@SEC.GOV>; Tristan Leavitt <tl@empowr.us>; Jason Foster <jf@empowr.us>; Brian Field <bfield@schaerr-jaffe.com>
**Subject:** RE: 23-00013-OIG, 23-00014-OIG & 23-02218-FOIA through 23-02221-FOIA Response - 23-02218-FOIA

Mr. Zummer:

Good Afternoon. Please see the attached letter regarding the processing of your request. Additionally, below are the updates we can provide regarding your request.

- Item (3) (formerly 23-02218-FOIA): We have received initial search results for this item. The volume totals approximately 25.5 gigabytes of data which qualifies this for our Complex Track. Please see the attached letter providing additional detail.
- Item (4) (formerly 23-02219-FOIA): Of the 10 offices (including former Commissioners) this item seeks records from, we have received custodians lists for 9 offices and have recently followed up with the remaining office.
- Items (5) and (6) (formerly 23-02220-FOIA & 23-02221-FOIA): Of the 16 offices (including former Commissioners) these items seek records from, we have received custodian lists for 14 offices.

Regards,

Samuel J. Dykstra
Attorney Advisor
Office of FOIA Services
U.S. Securities & Exchange Commission
100 F. Street, N.E., Suite 2744
Washington, DC 20549-2465
202-551-2056



EO5-1

**From:** Mike Zummer <mzummer@empowr.us>
**Sent:** Thursday, February 1, 2024 8:45 AM
**To:** Dykstra, Samuel <DykstraS@sec.gov>; Brian Field <bfield@schaerr-jaffe.com>
**Cc:** Katilius, Lizzette <KatiliusL@SEC.GOV>; Tristan Leavitt <tl@empowr.us>; Jason Foster <jf@empowr.us>
**Subject:** RE: 23-00013-OIG, 23-00014-OIG & 23-02218-FOIA through 23-02221-FOIA Response - 23-02218-FOIA

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mr. Dykstra,

Thank you for your response. We respectfully decline the SEC's offer to provide the forthcoming OIG report in fulfillment of 23-00013-OIG and 23-00014-OIG, and in lieu of searches of OIG for 23-02220-FOIA and 23-02221-FOIA.

Thank you,

Mike Zummer

On 1/31/2024 3:57:24 PM, Dykstra, Samuel <dykstras@sec.gov> wrote:
Mr. Zummer:

Thank you for your email. As we agreed, below are the updates this office can provide regarding the four requests that we have been discussing.

- 23-02218-FOIA: The search has been submitted and we are waiting for results.
- 23-02218-FOIA: Of the 10 offices (including former Commissioners) this request seeks records from, we have received custodians lists for 9 offices and have recently followed up with the remaining office.
- 23-02220-FOIA & 23-02221-FOIA: Of the 16 offices (including former Commissioners) these requests seek records from, we have received custodian lists for 14 offices and have recently followed up with the remaining offices.

Regarding your request that we begin producing documents by February 23,2024, we think it is premature to set processing schedules while the searches are pending. As I mentioned in my previous email, IT staff have indicated that it could take at least a month, once the remaining searches are submitted, until we receive search results. Once the searches are returned, we will need time to review records for responsiveness and then process responsive records before release or withholding, including consulting with other equity holders. Because we do not have the search results yet, we cannot commit to processing records by a certain date and therefore we cannot reasonably commit to your proposed processing schedule at this time.

If we receive search results before the end of February, we will reach out, after having a chance to review, to discuss the further processing of your requests.

Additionally, we have been discussing requests 23-00013-OIG, 23-00014-OIG, 23-02220-FOIA and 23-02221-FOIA with the SEC's Office of Inspector General (OIG). OIG has authorized us to inform you that OIG has an open investigation into the matter that they are in the final stages of completing. As a result, we would like to see if, in fulfillment of 23-00013-OIG and 23-00014-OIG and in lieu of searches of OIG for 23-02220-FOIA & 23-02221-FOIA, you would instead accept a copy of the report with appropriate redactions when the investigation is completed? If you accept the proposal, we would still proceed with the agreed upon searches of the other offices for 23-02220-FOIA & 23-02221-FOIA.

Please let us know if you are willing to accept this proposal.

Regards,

Samuel J. Dykstra
Attorney Advisor
Office of FOIA Services

U.S. Securities & Exchange Commission
100 F. Street, N.E., Suite 2744
Washington, DC 20549-2465
202-551-2056

---

**From:** Mike Zummer <mzummer@empowr.us>
**Sent:** Thursday, January 25, 2024 4:58 PM
**To:** Dykstra, Samuel <DykstraS@sec.gov>; Brian Field <bfield@schaerr-jaffe.com>
**Cc:** Katilius, Lizzette <KatiliusL@SEC.GOV>; Tristan Leavitt <tl@empowr.us>; Jason Foster <jf@empowr.us>
**Subject:** RE: 23-00013-OIG, 23-00014-OIG & 23-02218-FOIA through 23-02221-FOIA Response - 23-02218-FOIA

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mr. Dykstra,

Thank you for your response.

Empower agrees to exclude from the scope of 23-02220-FOIA and 23-02221-FOIA: 1) records that were processed in response to the August 12, 2021 or January 28, 2022 FOIA requests, and 2) records otherwise relating to the processing of the Empower Oversight's August 12, 2021 or January 28, 2022 FOIA requests and related litigation.

Also, Empower is willing to proceed with your proposed schedule of an update on January 31 and then every 30 days thereafter.

However, we want to reiterate that our willingness to delay filing a district court complaint turns in part on whether the SEC begins issuing responses in the very near future. Accordingly, we request that the SEC begin producing documents February 23, 2024 at a rate of approximately 500 pages per month.

Mike Zummer

On 1/24/2024 3:59:36 PM, Dykstra, Samuel <dykstras@sec.gov> wrote:
Mr. Zummer:

Good afternoon. After discussing with IT staff, we should be able to conduct a search for 23-02219-FOIA with all of the domain names you have identified.

Thank you for also for noting the discrepancy regarding the inclusion of William Hinman, Marc Berger, and Jay Clayton as SEC custodians to search for requests 23-02220-FOIA and 23-02221-FOIA. Upon further review, given the agreed upon search terms for 23-02220-FOIA and 23-02221-FOIA, combined with the subjects of Empower Oversight's August 12, 2021 and January 28, 2022 requests, it's possible our searches will locate records processed in response to, or otherwise referencing, those earlier requests. For example, the inclusion of William Hinman as a custodian presents substantial overlap between the instant requests and subpart 3 of the August 12, 2021 request, assigned tracking number 21-02533-FOIA, which, generally, sought records related to William Hinman's discussions with the Office of Ethics Counsel regarding potential conflicts related to Simpson Thacher. As a result, similar to our agreements for requests 23-02218-FOIA and 23-02219-FOIA, we seek Empower Oversight's agreement to exclude from the scope of 23-02220-FOIA and 23-02221-FOIA the following categories of records which may appear in our searches:

- Records that were processed in response to the August 12, 2021 or January 28, 2022 FOIA requests.
- Records otherwise relating to the processing of the Empower Oversight's August 12, 2021 or January 28, 2022 FOIA requests and related litigations.

Please let us know if you are amenable to excluding these categories of records from the scope of 23-02220-FOIA and 23-02221-FOIA, to the extent our searches locate them.

We are amenable to providing updates by January 31, 2024, however, we think monthly updates thereafter is reasonable. It is uncommon, even in the FOIA litigation context, for agencies to provide updates more frequently than once a month. For complex requests, such as these, courts will occasionally extend the interval between status reports to 45 or 60 days. Additionally, IT staff have indicated that given the numerous domains to search it could take at least a month, once the remaining searches are submitted, until we receive search results. Therefore, while we remain committed to diligently processing these requests, it's unlikely that we would be able to provide a substantive update within an earlier timeframe.

Regards,

Samuel J. Dykstra
Office of FOIA Services
U.S. Securities & Exchange Commission
100 F. Street, N.E., Suite 2744
Washington, DC 20549-2465
202-551-2056

---

**From:** Mike Zummer <mzummer@empowr.us>
**Sent:** Monday, January 22, 2024 4:14 PM
**To:** Dykstra, Samuel <DykstraS@sec.gov>; Brian Field <bfield@schaerr-jaffe.com>
**Cc:** Katilius, Lizzette <KatiliusL@SEC.GOV>; Tristan Leavitt <tl@empowr.us>; Jason Foster <jf@empowr.us>
**Subject:** RE: 23-00013-OIG, 23-00014-OIG & 23-02218-FOIA through 23-02221-FOIA Response - 23-02218-FOIA

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mr. Dykstra,

Thank you for your response. Below is our response to the individual issues in your email.

1. Thank you for agreeing to include instances where the recipient forwards or otherwise comments on news clips or digest type emails.

2. We propose the following list of domains to include in the email search to avoid inflating the search results with intra-governmental emails: .com, .org, .net, .int, .edu, .us, associates, .attorney, .biz, .center, .charity, .chat, .city, .club, .college, .community, .company, .consulting, .cpa, .credit, .creditcard, .degree, .democrat, .earth, .education, .email, .esq, .finance, .financial, .forum, .foundation, .fund, .global, .gop, .google, .group, .inc, .info, .institute, .international, .investments, .law, .lawyer, .legal, .limited, .ltd, .management, .media, .money, .mortgage, .name, .network, .news, .ngo, .partners, .press, .pro, .productions, .prof, .properties, .property, .radio, .report, .republican, . review, .reviews, .school, .site, .study, .tax, .trade, .trading, .university, .ventures, .website, .work, .world.

3. Regarding your summary of our agreements over the individual requests, I believe there is one discrepancy. Regarding 23-02220-FOIA and 23-02221-FOIA, in the 9/14/2023 email, in addition to the offices listed, we asked for "any individual named in the [OIG] referral." Please include William Hinman, Marc Berger, and Jay Clayton, since those are the three SEC employees named in the OIG referral, although we understand that Clayton may be duplicative since he was chairman.

4. Instead of February 12, 2024, we propose an update by January 31, 2024 (and every 14 days thereafter).

Thank you,

Mike Zummer

On 1/18/2024 3:49:52 PM, Dykstra, Samuel <dykstras@sec.gov> wrote:
Mr. Field:

I understand from the below that I have your consent to communicate with your client regarding this matter but please let me know if I am mistaken.
Regarding Empower Oversight's email, please see our replies below:

1. We agree to include instances where the recipient forwards or otherwise comments on news clips or digest type emails.

2. We have discussed with IT staff and it is not technically possible for us to conduct a search that only includes external domains without specifying particular domains. We are open to Empower Oversight proposing additional email domains it would like included. We proposed ".com", ".edu", or ".org" as these are by far the most common non-governmental email domains and thus, reasonably likely to capture agency communications with third parties. Without an agreement, our concern is that the search results will be inflated with intra-governmental emails which we would then need to sift through individually before beginning to process any records actually responsive to this request.
For the sake of clarity, below is our office's understanding of the agreements we have reached for these requests through our correspondence with Empower Oversight beginning in August.

**All requests (23-02218-FOIA through 23-02221-FOIA):**

- Empower Oversight's January 10, 2024 email:
    - Empower Oversight agreed to exclude news clips or digests from all four requests, except in so far as the recipient forwards or otherwise comments on these items.

**23-02218-FOIA and 23-02219-FOIA:**

- Empower Oversight's September 14, 2023 email:
    - Empower Oversight specified that the date range for these requests is: December 22, 2020, through September 1, 2023.
    - For 23-02219-FOIA, Empower Oversight requested the following offices be included in the scope of the search: Office of FOIA Services, Office of General Counsel, Division of Enforcement, Office of the Chair including staff, each of the Commissioners' office including staff.

- Empower Oversight's December 20, 2023 email:
    - Empower Oversight clarified that the matter identified in their requests as "*Empower Oversight v. SEC*, No. 1:23-cv-0095 (E.D. Va.)" was a mistake and the correct matter is "*Empower Oversight v. SEC*, No. 1: 21-cv-01370 in the EDVA (E.D. Va.)."
    - Empower Oversight also agreed to exclude as non-responsive, records that were previously processed in in response to Request Nos. 22-01118-FOIA, 22-01119-FOIA, and 22-01120-FOIA.
    - Empower Oversight further agreed to exclude drafts and otherwise unredacted versions of records processed in response to all the underlying FOIA requests associated with the 21-cv-01370 (E.D. Va.) and 23-cv-1335 (D.D.C.) litigations.

- Empower Oversight's January 10, 2024 email:
    - Empower Oversight agreed to narrow the request to records referencing the FOIA litigations themselves.

  - Empower Oversight agreed to the following search terms: “Empower Oversight v. SEC”; “Empower AND (litigation OR lawsuit OR case OR 1370 OR 1335)"; “SEC v. Ripple”; “Ripple AND (litigation OR lawsuit OR case OR 10832).”

**23-02220-FOIA and 23-02221-FOIA:**

- Empower Oversight’s September 14, 2023 email:
  - Empower Oversight requested the following offices be included in the scope of the searches: Office of the Ethics Counsel, Office of the Inspector General, Office of the General Counsel, Office of Legislative and Intergovernmental Affairs, Office of Public Affairs, Office of the Secretary, Office of the Chair including staff, and each of the Commissioners’ offices including staff.
- Empower Oversight’s December 20, 2023 emails:
  - Empower Oversight agreed to the following date range for these requests: May 1, 2017 through September 1, 2023.
- Empower Oversight’s January 10, 2024 email:
  - Empower Oversight agreed to the following search terms: (“conflict” OR “ethic*”) AND (“Hinman” OR “Berger” OR “Clayton”) AND (‘Simpson Thacher’ OR ‘Bitcoin’ OR ‘Enterprise Ethereum Alliance’ OR ‘Ether’ OR ‘Ripple’ OR ‘One River Asset Management’ OR ‘XRP).
    - Please note: We are double-checking with IT staff to reconfirm the feasibility of this type of search.

Regarding Empower Oversight’s proposed schedule, while we remain committed to diligently processing these requests, we are unable to agree to the proposed schedule at this time. As you are aware, information necessary for the SEC to conduct searches for these requests, including date ranges and offices to be searched, was absent from Empower Oversight’s initial requests. For two of the requests, the relevant matter was incorrectly identified. Once we requested and received this necessary information, we promptly reached out to relevant offices to identify records custodians for the purposes of our searches. While the search for 23-02218-FOIA has been submitted, we are still collecting information to be able to submit the searches for the other three requests. As noted above, for 23-02219-FOIA, we are still trying to reach an agreement with Empower Oversight on appropriate search criteria to avoid an unnecessarily broad search.

Until our searches are completed and we know the volume of potentially responsive material, the complexity of the responsive records, number of consultations, as well as any potential confidential treatment issues, we cannot meaningfully agree to a processing date or schedule.

We propose to provide an update by February 12, 2024 regarding the status of our searches and the volume of potentially responsive material for any searches returned by that date.

Regards,

Samuel J. Dykstra
Office of FOIA Services
U.S. Securities & Exchange Commission
100 F. Street, N.E., Suite 2744
Washington, DC 20549-2465
202-551-2056

**From:** Mike Zummer <mzummer@empowr.us>
**Sent:** Wednesday, January 10, 2024 7:00 PM
**To:** Dykstra, Samuel <DykstraS@sec.gov>; Brian Field <bfield@schaerr-jaffe.com>
**Cc:** Katilius, Lizzette <KatiliusL@SEC.GOV>; Tristan Leavitt <tl@empowr.us>; Jason Foster <jf@empowr.us>
**Subject:** RE: 23-00013-OIG, 23-00014-OIG & 23-02218-FOIA through 23-02221-FOIA Response - 23-02218-FOIA

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mr. Dykstra,

Thank you. We appreciate the update. Although we have retained counsel for this matter, I will generally handle further communication on this matter during the administrative process.

Below are our responses to your questions.

1. We agree to exclude news digests and news clips from the request, with one caveat. Specifically, we agree to exclude any such documents unless a recipient has forwarded the news clips or otherwise commented on them. For instance, an email with news clips that the recipient forwards with commentary would still be responsive and should be produced.

2. For request 23-02219-FOIA, which seeks SEC communications external to the federal government, we cannot agree to the SEC limiting its search to communications where a participant had a ".com", ".edu", or ".org" email domain. As you are no doubt aware, there are many other non-government domains that would not be captured by such a search. With that said, we welcome any suggestions you have about how such a search could be conducted within the technological limitations of the SEC's FOIA processing platform. For instance, if it is possible to craft a search where the SEC excludes any communications where all participants have .gov addresses, that may work. But we can only agree to a limitation here if it will capture all non-government domains.

3. For requests 23-02218-FOIA and 23-02219-FOIA, we are wiling to narrow the request to records referencing the FOIA litigations themselves. Empower Oversight agrees to exclude records that merely reference the underlying FOIA requests, but not the litigation.

4. Considering our narrowing of the request, we agree to the SEC's proposed search terms for 23-02218-FOIA and 23-02219-FOIA. Specifically, for subparts (a) and (b): "Empower Oversight v. SEC"; "Empower AND (litigation OR lawsuit OR case OR 1370 OR 1335)", and for subpart (c) "SEC v. Ripple"; "Ripple AND (litigation OR lawsuit OR case OR 10832)."

5. Regarding 23-02220-FOIA and 23-02221-FOIA, we agree that a combined search to capture the internal and external communications would be acceptable.

6. Also Regarding 23-02220-FOIA and 23-02221-FOIA, we agree to a combined search of all the requested offices with the terms: ("conflict" OR "ethic*") AND ("Hinman" OR "Berger" OR "Clayton") AND ('Simpson Thacher' OR 'Bitcoin' OR 'Enterprise Ethereum Alliance' OR 'Ether' OR 'Ripple' OR 'One River Asset Management' OR 'XRP).

We would also like to get a schedule in place to ensure that this matter moves forward. In particular, we would like to ensure that the SEC begins processing records it has identified thus far while it completes the other searches. To that end, we believe the following schedule is reasonable and will help avoid the need for litigation:

• By January 19 (and every 14 days thereafter): The SEC will provide Empower with an update on what searches are complete and what searches remain ongoing. As part of those updates, the SEC will identify the number of potentially responsive documents or pages identified thus far. And the SEC will identify any questions or proposals for narrowing.



EO5-7

• By January 31 (and every 30 days thereafter): The SEC will issue responsive, non-exempt records to Empower. For this, the SEC will process at least 750 pages each month, releasing all responsive, non-exempt records reviewed that month.

Thank you for your help,

Mike Zummer

On 1/8/2024 3:14:53 PM, Dykstra, Samuel <dykstras@sec.gov> wrote:
Mr. Field:

I am writing to provide an update regarding our processing of these four requests (23-02218-FOIA through 23-02221-FOIA). As indicated previously, following the clarifications provided on December 20, 2023 regarding the scope of these four requests, we reached out to relevant offices to identify records custodians for the purposes of our search. With the exception of 23-02218-FOIA, we are still in the process of identifying all relevant custodians based on the offices and timeframes specified for the other three requests.

However, given the scope of these requests we anticipate that initial search results will be voluminous given the timeframe, number of offices/custodians, search terms, and subject matter. As a result, we wanted to propose some additional options and seek further clarification, regarding the scope of these requests, outlined below.

A common type of email received by SEC staff on a regular basis is news digests, or news clips, that contain news articles, summaries, or excepts thereof. We propose to exclude these records as non-responsive from all four requests. Please let us know if you agree to exclude these types of records.

For request 23-02219-FOIA, which seeks SEC communications external to the federal government, we propose limiting our search to where a participant had a ".com", ".edu", or ".org" email domain, which we believe might reduce the amount of potential non-responsive intra-governmental communications from our search results. Please let us know if you agree to this search parameter.

For requests 23-02218-FOIA and 23-02219-FOIA, we note that in Empower Oversight's September 14, 2023 email, the search terms Empower Oversight proposed did not include iterations of the FOIA request tracking numbers associated with the litigations referenced in parts (a) and (b) of those requests. Can we conclude from Empower Oversight's response that they are only interested in records referencing the FOIA litigations themselves? In other words, records that merely reference the underlying FOIA requests without a connection to the litigation would be not responsive?

If our conclusion is correct, we propose the following search terms for subparts (a) and (b), slightly modified from Empower Oversight's proposal: "Empower Oversight v. SEC"; "Empower AND (litigation OR lawsuit OR case OR 1370 OR 1335)."

For subpart (c) of requests 23-02218-FOIA and 23-02219-FOIA, we'd similarly propose "SEC v. Ripple"; "Ripple AND (litigation OR lawsuit OR case OR 10832)."

Please let us know if you agree to the above proposed search terms for 23-02218-FOIA and 23-02219-FOIA.

Regarding 23-02220-FOIA and 23-02221-FOIA, we propose running a combined search for these two requests to capture both any potential internal (23-02220-FOIA) and external (23-02221-FOIA) communications responsive to these requests.

Similarly, we note that in Empower Oversight's September 14, 2023 counter proposal, Empower Oversight proposed one set of search terms for all the requested offices, except the Office of the Ethics Counsel (OEC), and a second set of search terms just for OEC. However, since these requests seek records regarding specific potential conflicts of

interest with respect to the three individuals referenced therein, we think proceeding with a single set of terms integrating the two proposed sets of search terms is reasonably calculated to uncover all records responsive to these requests. Doing a combined search also potentially reduces duplicates from the search results. Please let us know if you agree to a combined search along these lines: (“conflict” OR “ethic*”) AND (“Hinman” OR “Berger” OR “Clayton”) AND (‘Simpson Thacher’ OR ‘Bitcoin’ OR ‘Enterprise Ethereum Alliance’ OR ‘Ether’ OR ‘Ripple’ OR ‘One River Asset Management’ OR ‘XRP). Please let us know if you agree to the above proposals.

We are also willing to discuss additional proposals regarding these requests.

Regards,

Samuel J. Dykstra
Office of FOIA Services
U.S. Securities & Exchange Commission
100 F. Street, N.E., Suite 2744
Washington, DC 20549-2465
202-551-2056

---

**From:** Dykstra, Samuel
**Sent:** Tuesday, January 2, 2024 3:06 PM
**To:** Brian Field <bfield@schaerr-jaffe.com>
**Cc:** Katilius, Lizzette <KatiliusL@SEC.GOV>; Mike Zummer <mzummer@empowr.us>; Tristan Leavitt <tl@empowr.us>; Jason Foster <jf@empowr.us>
**Subject:** RE: 23-00013-OIG, 23-00014-OIG & 23-02218-FOIA through 23-02221-FOIA Response - 23-02218-FOIA

Mr. Field:

Good afternoon. We will provide a status update for these requests by January 8.

Regards,

Samuel J. Dykstra
Office of FOIA Services
U.S. Securities & Exchange Commission
100 F. Street, N.E., Suite 2744
Washington, DC 20549-2465
202-551-2056

---

**From:** Brian Field <bfield@schaerr-jaffe.com>
**Sent:** Tuesday, January 2, 2024 2:55 PM
**To:** Dykstra, Samuel <DykstraS@sec.gov>
**Cc:** Katilius, Lizzette <KatiliusL@SEC.GOV>; Mike Zummer <mzummer@empowr.us>; Tristan Leavitt <tl@empowr.us>; Jason Foster <jf@empowr.us>
**Subject:** RE: 23-00013-OIG, 23-00014-OIG & 23-02218-FOIA through 23-02221-FOIA Response - 23-02218-FOIA

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mr. Dykstra –

Thank you for your email. If the SEC can provide a status update by January 8, we will evaluate thereafter whether to proceed with litigation.

Best,

Brian

Brian J. Field
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900 | Washington, DC 20006
Office (202) 787-1060 | Mobile (703) 989-7780
bfield@schaerr-jaffe.com | www.schaerr-jaffe.com

---

**From:** Dykstra, Samuel <DykstraS@sec.gov>
**Sent:** Thursday, December 21, 2023 3:45 PM
**To:** Brian Field <bfield@schaerr-jaffe.com>
**Cc:** Katilius, Lizzette <KatiliusL@SEC.GOV>; Mike Zummer <mzummer@empowr.us>; Tristan Leavitt <tl@empowr.us>; Jason Foster <jf@empowr.us>
**Subject:** RE: 23-00013-OIG, 23-00014-OIG & 23-02218-FOIA through 23-02221-FOIA Response - 23-02218-FOIA

Mr. Field:

Thank you for that clarification. With the additional information provided yesterday for these four requests (23-02218-FOIA through 23-02221-FOIA), we have reached out to relevant offices to identify records custodians for the purposes of our search. However, given the holidays and staff's preplanned leave, it is possible we will not hear back until after the new year.

I also note Empower Oversight's request that the SEC issue final responses by January 31, 2024. While our office continues to diligently process these requests, at this time, we do not anticipate we will be able to issue final responses by January 31, 2024. Collectively, these requests are broad in scope, include multiple subparts, span a timeframe of up to 5 years, and seek records from a total of 19 separate SEC offices, including departed Chairs, Commissioners, and their staff. It will take time to identify all the relevant records custodians, let alone for the searches to be run, and any responsive records to be processed.

If Empower Oversight is interested, we are willing to provide a status update regarding our efforts by January 8, 2024. We also remain open to discussing additional ways to narrow these requests and appreciate Empower Oversight's acceptance of our proposals so far.

Regards,

Samuel J. Dykstra
Office of FOIA Services
U.S. Securities & Exchange Commission
100 F. Street, N.E., Suite 2744
Washington, DC 20549-2465
202-551-2056

---

**From:** Brian Field <bfield@schaerr-jaffe.com>
**Sent:** Wednesday, December 20, 2023 4:32 PM
**To:** Dykstra, Samuel <DykstraS@sec.gov>
**Cc:** Katilius, Lizzette <KatiliusL@SEC.GOV>; Mike Zummer <mzummer@empowr.us>; Tristan Leavitt <tl@empowr.us>; Jason Foster <jf@empowr.us>
**Subject:** RE: 23-00013-OIG, 23-00014-OIG & 23-02218-FOIA through 23-02221-FOIA Response - 23-02218-FOIA

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mr. Dykstra –

Thank you for touching base. That should be May 1, 2017.

Best,

Brian

Brian J. Field
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900 | Washington, DC 20006
Office (202) 787-1060 | Mobile (703) 989-7780
bfield@schaerr-jaffe.com | www.schaerr-jaffe.com

---

**From:** Dykstra, Samuel <DykstraS@sec.gov>
**Sent:** Wednesday, December 20, 2023 1:34 PM
**To:** Brian Field <bfield@schaerr-jaffe.com>
**Cc:** Katilius, Lizzette <KatiliusL@SEC.GOV>; Mike Zummer <mzummer@empowr.us>; Tristan Leavitt <tl@empowr.us>; Jason Foster <jf@empowr.us>
**Subject:** RE: 23-00013-OIG, 23-00014-OIG & 23-02218-FOIA through 23-02221-FOIA Response - 23-02218-FOIA

Mr. Field:

Good afternoon. I understand from the below that Empower Oversight has retained your services in connection with the processing of the above-referenced FOIA requests. As a result, and in accordance with the D.C. Bar's Rules of Professional Conduct, I am directing all subsequent correspondence to you.

In response to my email, Mr. Zummer responded that for Request Nos. 23-02220-FOIA and 23-02221-FOIA, the SEC should "use the start date of May 1, 2027 for these searches." As this is a date in the future, we believe it is a typo. Could you let us know what the start date for these requests should be?

Regards,

Samuel J. Dykstra
Office of FOIA Services
U.S. Securities & Exchange Commission
100 F. Street, N.E., Suite 2744
Washington, DC 20549-2465
202-551-2056

---

**From:** Mike Zummer <mzummer@empowr.us>
**Sent:** Wednesday, December 20, 2023 12:02 PM
**To:** Dykstra, Samuel <DykstraS@sec.gov>; Tristan Leavitt <tl@empowr.us>; Jason Foster <jf@empowr.us>
**Cc:** Katilius, Lizzette <KatiliusL@SEC.GOV>; Brian Field <bfield@schaerr-jaffe.com>
**Subject:** RE: 23-00013-OIG, 23-00014-OIG & 23-02218-FOIA through 23-02221-FOIA Response - 23-02218-FOIA

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mr. Dykstra,

Thank you for reaching out. Our responses are in bold after each of the questions in your original email.

Additionally, because we had not heard from you since our September 14, 2023 response to your questions, three months ago, before your December 18, 2023 email, we had already expended resources to prepare a complaint seeking judicial resolution as the SEC's processing is still far behind what FOIA requires. However, if the SEC is able to provide a final response by January 31, 2024, we may be able to avoid going down that route. Please advise us by January 8, 2024 if that will be possible.

Please let me know if you have any questions.

Mike Zummer

On 12/18/2023 4:17:30 PM, Dykstra, Samuel <dykstras@sec.gov> wrote:
Mr. Zummer:

Good afternoon. We have reviewed your September 14, 2023 email response (below) to our August 3, 2023 letter and, after reviewing our files, believe additional clarification is needed regarding certain aspects of these requests. Specifically:

- **Requests 23-02218-FOIA and 23-002219-FOIA:**
    - These two requests, in part, seek specified documents and communications related to "(a) *Empower Oversight v. SEC*, No. 1:23-cv-0095 (E.D. Va.) and the FOIA requests associated with that litigation." We have been unable to identify any FOIA requests associated with a litigation that has that case number. In trying to find requests associated with case "No. 1:23-cv-0095," we found reference to that case number in the Complaint filed in *Empower Oversight v. SEC*, No.23-cv-1335 (D.D.C.) (see ¶ 13). That paragraph refers to requests submitted on August 12, 2021, which we believe were assigned the following tracking numbers: 21-02531-FOIA, 21-02532-FOIA, 21-02533-FOIA, 21-02534-FOIA, 21-02535-FOIA, 21-02536-FOIA, 21-02537-FOIA, and 21-02538-FOIA. However, our records indicate that these requests were the subject of the following litigation: *Empower Oversight v. SEC*, No. 1:21-cv-01370 (E.D. Va.).
        - **Question**: Could you confirm whether 21-cv-01370 and the above-referenced eight FOIA requests are the litigation and FOIA requests intended to be referenced in subpart (a) of requests 23-02218-FOIA and 23-002219-FOIA? Alternatively, if you do intend to seek records related to FOIA requests associated with "*Empower Oversight v. SEC*, No. 1:23-cv-0095 (E.D. Va.)" could you provide those FOIA request numbers?

- **You are correct. We mistakenly cited the wrong case number. The correct case number is 21-cv-01370 in the EDVA. The eight FOIA requests associated with the 1370 case are the correct tracking numbers. We do seek records related to the 1370 case and associated tracking numbers**

    - 
        - 
        - **Question:** If we are correct that these requests do seek records related to 21-cv-01370, could you confirm that the search terms requested in your September 14, 2023

response email for Requests 23-02218-FOIA and 23-002219-FOIA, should be updated accordingly? (*i.e.*, omitting "0095" as a term and replacing it with "01370").

**You are correct that we would like to update the search terms to replace "0095" with "01370" regarding Requests 23-02218-FOIA and 23-002219-FOIA.**

- Assuming we're correct regarding the above, we further note that subpart (b) of requests 23-02218-FOIA and 23-002219-FOIA, seek specified documents and communications related to "(b) *Empower Oversight v. SEC*, No. 23-cv-1335 (D.D.C.), and the FOIA requests associated with that litigation." Three FOIA requests that are associated with 23-cv-1335 (22-01118-FOIA, 22-01119-FOIA, and 22-01120-FOIA) seek the "processing notes" associated with four FOIA requests (21-02531-FOIA, 21-02532-FOIA, 21-02537-FOIA and 21-02535-FOIA) that were associated with *Empower Oversight v. SEC*, No. 1:21-cv-01370 (E.D. Va.), which we believe is the intended subject of subpart (a) of these requests (see above). Therefore, it appears that the records sought by subpart (a) of Requests 23-02218-FOIA and 23-002219-FOIA are at least partially duplicative of the records sought by 22-01118-FOIA, 22-01119-FOIA, and 22-01120-FOIA, and which are still the subject of the ongoing litigation *Empower Oversight v. SEC*, No. 23-cv-1335 (D.D.C.).
  - **<u>Proposal:</u>** As a result, we seek your agreement to exclude from requests 23-02218-FOIA and 23-002219-FOIA records that were processed in response to 22-01118-FOIA, 22-01119-FOIA, and 22-01120-FOIA. Please let us know if this is acceptable or if we have misunderstood what is sought by subpart (a) of these requests.

- **We agree to exclude the records that were processed in response to 22-01118-FOIA, 22-01119-FOIA, and 22-01120-FOIA**.

- 
  - **<u>Proposal:</u>** To the extent responsive to your requests, we further seek your agreement to exclude from both subparts (a) and (b) of requests 23-02218-FOIA and 23-002219-FOIA, draft and otherwise unredacted versions of the records processed in response to all the underlying FOIA requests associated with the 21-cv-01370 (E.D. Va.) and 23-cv-1335 (D.D.C.) litigations. Doing so may facilitate our office's ability to respond to these two requests by eliminating the need to potentially reprocess records you have already received. Please let us know if this is acceptable.

**It is acceptable to exclude draft and otherwise unredacted versions of the records processed.**

- **<u>Request Nos. 23-02220-FOIA and 23-02221-FOIA</u>**
  - **<u>Question:</u>** We note that for these FOIA requests you have not yet provided a start date for the searches. Could you please provide a start date for our searches for these FOIA requests? As with the other related requests, we intend to use September 1, 2023 as the search cut off.

**Please use the start date of May 1, 2027 for these searches.**

Please let me know if you have any questions or would like to discuss any of the above.

Regards,

Samuel J. Dykstra
Office of FOIA Services
U.S. Securities & Exchange Commission
100 F. Street, N.E., Suite 2744
Washington, DC 20549-2465
202-551-2056

---

**From:** Mike Zummer <mzummer@empowr.us>
**Sent:** Thursday, September 14, 2023 10:28 AM
**To:** Mandic, Frank <MandicF@SEC.GOV>
**Cc:** Tristan Leavitt <tl@empowr.us>; Jason Foster <jf@empowr.us>
**Subject:** Re: 23-00013-OIG, 23-00014-OIG & 23-02218-FOIA through 23-02221-FOIA Response - 23-02218-FOIA

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mr. Mandic,

Thank you for your August 3, 2023 letter. Below is our response to your questions. If you have any further questions or additional clarification would help fulfill this request, please let me know.

**Request Nos. 23-00013-OIG and 23-00014-OIG:**

**1. The SEC asked: "Your request refers to communications that reference Empower Oversight's referral to OIG without providing any further information. Are you seeking communications from any investigation OIG may have conducted as a result of the referral? If not, please explain what you are seeking."**

Empower Oversight's request includes, but is not limited to, communications from any investigation OIG may have conducted as a result of Empower Oversight's referral. The request asks for all communications, which would also include any communications outside the OIG regarding the referral as well. During its search of OIG communications, the SEC can determine if the OIG communicated with other SEC entities about the referral and the request includes any communications regarding the referral by any of those entities. Empower Oversight believes other SEC entities that may have communications regarding the referral include the Office of the General Counsel, Office of the Ethics Counsel, Office of Legislative and Intergovernmental Affairs, Office of Public Affairs, Office of the Secretary, as well as the Chairman and each of the commissioners and their staffs, and any individual named in the referral.

**2. The SEC asked: "For an email search, it would be helpful if you provide search terms that you believe may be appropriate if your request is not limited to an OIG investigation."**

Empower Oversight believes the request was clear as drafted. However, search terms for communications referencing the referral would include terms such as "Empower Oversight", "Empower", "Hinman," "OIG", "referral", and any identifying number the OIG assigned to the referral or any investigation opened as a result of it. If the search terms yield too many results, they may be narrowed by using logical combinations of search terms, such as "Hinman" and "referral" or other similar combinations.

**3. The SEC asked: "As stated above, you should also identify custodians (to the extent you seek communications other than ones to or from OIG staff) and time periods. The start date appears to be May 9, 2022, but we need an end date.**

As described above, the SEC is capable of determining which other custodians may have communications referencing Empower Oversight's referral by searching the communications of OIG employees and determining whether there were communications between them and other SEC entities about the referral. Empower Oversight believes other SEC entities that may have communications regarding the referral include the Office of the General Counsel, Office of the Ethics Counsel, Office of Legislative and Intergovernmental Affairs, Office of Public Affairs, Office of the Secretary, as well as the Chairman and each of the commissioners and their staffs, and any individual named in the referral. The start date is May 9, 2022. The end date is September 1, 2023.

**Request No. 23-02218-FOIA:**

**1. The SEC asked: "Your request seeks communications between SEC FOIA officials and SEC officials that reference three matters. Could you confirm that you are seeking only communications to or from SEC FOIA staff?"**

Yes, the request only seeks communications that involve SEC FOIA officials, but it specifically seeks any communications between those officials and any other SEC officials, which would include communications within the SEC FOIA section, as well as communications between SEC FOIA officials and SEC officials outside the FOIA section.

**2. The SEC asked: "For an email search, are there search terms that you would like us to use? We could use the terms 'Empower' and 'Ripple,' but there is a very good chance that even if limited to FOIA Office custodians, such a search could result in a large amount of hits that would lead to your request being placed in our Complex track."**

Please use the terms "Empower" and "Ripple". If those terms provide an unmanageable number of hits, then please narrow the search with references to the three identified lawsuits, including search terms such as "litigation", "lawsuit", "Empower Oversight v. SEC", "SEC v. Ripple Labs", "0095", "1335", and "10832".

**3. The SEC asked: "As stated above, we will need a time period and custodians (to the extent you seek communications other than ones to or from FOIA Office staff) to conduct the search."**

The time period for the requested search is from the initiation of the Ripple litigation on December 22, 2020, through September 1, 2023.

**Request No. 23-02219-FOIA:**

**1. The SEC asked: "Your request seeks communications between SEC officials and any individual outside of the federal government that reference three matters. For the two Empower Oversight matters, your requests appear to seek communications to or from the FOIA Office and Office of the General Counsel ('OGC') staff responsible for those matters. We anticipate that most responsive documents will be communications with Empower Oversight and its counsel. Do you want to include those communications? For the Ripple litigation, your request appears to seek communications to or from the Division of Enforcement ('Enforcement') staff responsible for that matter. We anticipate that there are many communications between the Ripple litigation team and counsel for the parties in that litigation as well as others involved in the litigation. Can you be more specific about what you are seeking?"**

Please do not include communications with Empower Oversight or its counsel. Regarding the Ripple litigation, please do not include

communications with Ripple and its counsel. We seek communications with outside third parties.

**2. The SEC asked: "For an email search, are there search terms that you would like us to use? As with request 23-02219-FOIA, we could use the terms 'Empower' and 'Ripple,' but there is a very good chance that even if limited to FOIA Office, OGC, and Enforcement staff handling those matters, such a search could result in a large amount of hits that would lead to your request being placed in our Complex track. One issue is that your request would pull in every news article the SEC staff receives that contains 'Ripple.'"**

Please use the terms "Empower" and "Ripple". If those terms provide an unmanageable number of hits, then please narrow the search with references to the three identified lawsuits. Search terms such as "litigation", "lawsuit", "Empower Oversight v. SEC", "SEC v. Ripple Labs", "0095", "1335", "10832".

**3. The SEC asked: "If your request is not limited to FOIA Office, OGC, and Enforcement staff working on the matters referred to, we will need custodians to conduct the search. We will also need a time period."**

In addition to the FOIA Office, OGC, and Enforcement staff, please include searches of the Chairman and each of the commissioners and their staffs. The time period for the requested search is from the initiation of the Ripple litigation on December 22, 2020, through September 1, 2023.

**Request Nos. 23-02220-FOIA and 23-02221-FOIA:**

**1. The SEC asked: "Your requests seek communications referencing certain individuals and certain potential conflicts of interest. You appear to be seeking communications to and from the persons named in the requests and staff in the SEC's Office of Ethics Counsel. If you are seeking additional custodians, please identify them."**

In addition to the SEC's Office of the Ethics Counsel, we are seeking the following additional custodians: OIG, Office of the General Counsel, Office of Legislative and Intergovernmental Affairs, Office of Public Affairs, Office of the Secretary, as well as the Chairman and each of the commissioners and their staffs, and any individual named in the referral.

**2. The SEC asked: "For an email search, are there search terms that you would like us to use? We would propose searching the emails of the individuals named in the requests using the following search: 'conflict of interest' AND 'Simpson Thacher' OR 'Bitcoin' OR 'Enterprise Ethereum Alliance' OR 'Ether' OR 'Ripple' OR 'One River Asset Management' OR 'XRP.' We would also propose searching the emails of Office of Ethics Counsel staff using the following search: 'conflict of interest' AND 'Hinman' OR 'Berger' OR 'Clayton.'"**

In searching the custodians of the Office of the General Counsel, Office of Legislative and Intergovernmental Affairs, Office of Public Affairs, Office of the Secretary, as well as the Chairman and each of the commissioners and their staffs, and any individual named in the referral, Empower Oversight requests the SEC use the following search terms similar to those proposed by the SEC, essentially replacing "conflict of interest" with "conflict" or "ethic*" (with "*" meaning any word beginning with "ethic") AND "Simpson Thacher" OR "Bitcoin" OR "Enterprise Ethereum Alliance" OR "Ether" OR "Ripple" OR "One River Asset Management" OR "XRP".

Regarding the Office of the Ethics Counsel, Empower Oversight requests the SEC use the following search terms: "conflict" or "ethic*"

(with "*" meaning any word beginning with "ethic") AND "Hinman" OR "Berger" OR "Clayton".

Thank you for your correspondence in this matter. If you have any further questions, please do not hesitate to reach out to Mike Zummer at mzummer@empowr.us.

On 8/3/2023 2:30:06 PM, mandicf@sec.gov <mandicf@sec.gov> wrote: